David Mincin, Esq.
Nevada Bar No. 5427
LAW OFFICES OF RICHARD MCKNIGHT, P.C.
330 S. Third Street #900
Las Vegas, Nevada 89101
dmincin@lawlasvegas.com
Phone: 702-388-7185
Fax: 702-388-4393
*Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN STARK and ROBIN STARK,<br><br>                Debtor. | Case No.: BK-S-09-10498-LBR<br><br>Chapter: 7<br><br>Trustee: Timothy S. Cory<br><br>Hearing Date: April 19, 2010<br>Hearing Time: 9:30 a.m. |

**MOTION FOR AUTHORITY TO SELL HOMESTEAD/ABANDONED PROPERTY**

      Debtors Steven Stark and Robin Stark moves the court for an order authorizing them to sell their homesteaded property, 3097 Sierra Ridge, Las Vegas, Nevada 89156. This motion is made and based on the schedules and papers on file in this case and on the following Points and Authorities and Exhibits.

**POINTS AND AUTHORITIES**

      Debtor's schedule C claims a homestead exemption on their interest in real property 3097 Sierra Ridge, Las Vegas, Nevada 89156 and Schedule A valued the property at $152,761.00. Schedule D identifies a deed of trust against Sierra Ridge in favor of HSBC Bank USA in the amount of $200,702.98 and a second deed to trust against Sierra Ridge in favor of Countrywide. The Trustee's Report filed November 16, 2009, identifies assets as to be abandoned because there is no equity and no value to the estate.

      Debtor wishes to consummate a "short sale" of the 3097 Sierra Ridge property for the amount of $72,000.00. The lenders have agreed to the short sale but the title company is not

1  willing to close the sale in the absence of a court order (Exhibit 1).  Attached as Exhibit 2 is the
2  estimated HUD Statement provided by Old Republic Title Company of Nevada demonstrating
3  that the sale will not yield any proceeds to the Debtor.
4        This court has authority to authorize a sale of the homesteaded property.  (Proceeds from
5  Chapter 7 debtor's postpetition voluntary sale of the home that he had properly claimed as
6  exempt pursuant to the Massachusetts Homestead Act retained the exempt status of the home
7  itself and were not available to satisfy judgment creditor's nondischargeable prepetition debt).
8  *In re Cunningham,* 513 F.3d 318, (1st Circuit, 2008).  In the alternative, the court can determine
9  that the property has been abandoned by virtue of BR 6007(a).
10       Further, a court order is requested permitting the debtor to pay real estate commissions,
11 closing costs, and attorneys fees to her counsel in the amount of $750 from the proceeds of the
12 sale of the property.
13       For the reasons stated, the court should authorize the short sale of debtor's homesteaded
14 property.
15       DATED this 15th day of March 2010.

Law offices of Richard McKnight, P.C.

By:   /s/   David Mincin
     David Mincin, Esq.
     Nevada State Bar No. 5427
     330 S. Third Street #900
     Las Vegas, Nevada 89101
     *Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Bank.P. 2002 and LR 2002, I certify that I am an employee of The Law Offices of Richard McKnight, and on the 15th day of March, 2010, service of a true and correct copy of the MOTION FOR AUTHORITY TO SELL HOMESTEAD/ABANDONED PROPERTY was made by:

**X**  ECF SERVICE: That service was made by electronic transmission through the ECF filing system of the U.S. Bankruptcy Court, District of Nevada to the parties as listed below: and/or

PHILIP K GOLDSTEIN on behalf of Debtor STEVEN STARK pg@pkgbk.com

EDDIE R. JIMENEZ on behalf of Creditor GMAC MORTGAGE, LLC
ecfnvb@piteduncan.com, ejimenez@piteduncan.com

KATHLEEN A. LEAVITT courtsecf3@las13.com

JOHN C. WHELTON on behalf of Creditor SILVER STATE SCHOOLS CREDIT UNION (ar)
wheltoncu@earthlink.net, mistysattic@aol.com

　　　　　　　　　　　/s/   Carol Burke
　　　　　　　　　An Employee of Law Offices of Richard McKnight